IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DARRELL WAYNE BUMPAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:13-cv-378 |
| ) | |
| **STATE OF TENNESSEE,** *et al.* ) | Judge Campbell |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION

Plaintiff Darrell Wayne Bumpas has filed a *pro se* complaint in this action (ECF No. 1), seeking compensatory and punitive damages under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights. Because the plaintiff proceeds *in forma pauperis*, his complaint is before the Court for an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)

**I.      FACTUAL ALLEGATIONS**

The plaintiff lists as defendants in this action the State of Tennessee, the Middle Tennessee Mental Health Institute, Judge Mark J. Fishburn, Assistant District Attorney Sarah Davis, the Davidson County Sheriff's Office, Correct Care Solutions, attorney Ronald E. Munkeboe, and the "Metropolitan Government of Sheriff, Daron Hall," which the Court construes to refer both to the Metropolitan Government of Nashville and Davidson County ("Metro Nashville") and Sheriff Daron Hall. The plaintiff does not specify whether the individuals are sued in their individual or representative (official) capacity.

The plaintiff alleges that he was picked up by two Metro Nashville police officers on May 2, 2009 for an alleged assault. The plaintiff avers that he was innocent of the alleged charge, but that he was illegally seized and never apprised of his *Miranda* rights. Because the plaintiff was on probation at the time of the allegedly illegal arrest, his probation on the prior charge was revoked, and he was sent to serve a five-year sentence at "CCA-Metro," which the Court interprets to mean the Metro-Davidson County Detention Facility, which is operated by CCA. During the same time, he was also awaiting trial on the new assault charges for which he was arrested on May 2, 2009. The plaintiff avers that his post-conviction proceedings on that

charge remain pending.[1]

The plaintiff claims he was scheduled to make "around 20 court appearances" but that he was "denied access 16 times in the courtroom, and denied a fast, and speedy trial . . . , and was denied all of his *pro se* filed motions." (ECF No. 1, at 3.) It is unclear whether the plaintiff's claims concern the new assault charges or the revoked probation on the prior charges.

The plaintiff alleges that Assistant District Attorney Sarah Davis "illegally planted a knife in Bumpas's file" and conspired to send him to prison. (*Id.*)

At a court hearing at which the plaintiff was not present, Judge Fishburn and Davis "forced" Bumpas to be sent to Middle Tennessee Mental Health Institute ("MTMHI") for a psychiatric evaluation. The plaintiff claims he was assaulted by staff there and forced to undergo a Haldol injection, which gave him chest pains.

The plaintiff was "found sane" and sent back to detention at the Davidson County Sheriff's Office. (*Id.*) There, he was denied access to a law library and to "all legal materials to defend himself in the criminal matter." (*Id.*) He further claims he was held in lock-down twenty-three hours a day, with no recreation. He was sent to a dentist, who "ripped out one of Bumpas's good teeth" and told Bumpas, "I got you" when Bumpas was leaving the dentist's office with his mouth full of blood. (*Id.*)

At another hearing before Judge Fishburn, at which the plaintiff was represented by attorney Munkeboe, the plaintiff was ordered back to MTMHI for treatment. Once there, he was held and forcibly injected with the same medication that gave him chest pains. He alleges that, this time, the medication almost killed him. He was sent to Summit Medical Center where he stayed for over a month. The plaintiff claims that his temperature "stayed over 110°," and he was unable to walk, breathe, or eat. (*Id.* at 4.)

He was finally returned to MTMHI, where he was one again "poisoned" with the same medication, which resulted in his being sent back to the hospital.

The plaintiff was finally sent back to the Davidson County Sheriff's Office, where he discovered that

---

[1] The Court takes judicial notice that the Tennessee Court of Criminal Appeals affirmed the denial of the plaintiff's post-conviction petition, concerning his assault conviction, on December 14, 2010. *Bumpas v. State*, No. M2010–00222–CCA–R3–PC, 2010 WL 5140673 (Tenn. Ct. Crim. App. Dec. 14, 2010). The Tennessee Supreme Court denied permission to appeal on April 14, 2011.

Case 3:13-cv-00378   Document 3   Filed 05/01/13   Page 2 of 6 PageID #: 11

all his legal mail from the federal court concerning a pending civil rights case had been opened and read by Sheriff's Office employees.

Bumpas claims that after three years, he was finally "called to court," but was once again denied a trial. Instead, he was threatened and told by the judge, his attorney, and the assistant district attorney that he "would not get out of jail until [he] pled guilty." (ECF No. 1, at 4.) He was thus "coerced and extorted into pleading guilty for a crime he swears he didn't commit." (*Id.*) He served three years and was released on April 23, 2012. He filed this lawsuit one year later, on April 23, 2013.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of any civil complaint filed *in forma pauperis*, and must dismiss the complaint or any portion of it that fails to state a claim upon which relief can be granted, or is frivolous. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and dismissal of any claims that are frivolous or fail to state a claim for which relief can be granted. *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up

-3-

[unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. LAW AND ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. In addition, to state a claim against an individual under § 1983, the plaintiff generally must allege that individual's personal involvement in the actions that allegedly gave rise to a constitutionally based claim. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Failure to allege the personal involvement of a particular defendant will result in the dismissal of the complaint as to that defendant. In addition, claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed. Under these standards, the plaintiff's claims against each defendant in this case are subject to dismissal for failure to state a claim, either because the particular defendant is immune, or is not a state actor or "person" subject to liability under § 1983, or because the complaint fails to allege facts that show a violation of federal law by the particular defendant.

More specifically, the State of Tennessee and MTMHI, which is a state agency, are entitled to absolute immunity from suit for damages under § 1983. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("[T]he ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in the federal court."); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (unless a state has waived its immunity or Congress has validly abrogated the state's immunity, neither a state nor agencies acting under its control may be subject to suit in federal court). It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. *See generally Quern v. Jordan*, 440 U.S. 332 (1979). And the State of Tennessee has not waived its immunity from suits for money damages. *See Burrell v. Tenn. Dep't of Human* Servs., 56 F.3d 64 (Table), 1995 WL 314891, at *2 (6th Cir. May 23, 1995) (citing Gross *v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980); and Tenn. Code Ann. § 20-13-102(a)). The complaint therefore fails to state a viable claim against the State of Tennessee or MTMHI.

-4-

The claims against Judge Mark Fishburn are subject to dismissal because Judge Fishburn is absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Assistant District Attorney Sarah Davis is protected from suit by the common-law doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that state prosecuting attorneys generally are absolutely immune from § 1983 liability for "initiating a prosecution and . . . presenting the State's case." Since *Imbler*, courts have extended the immunity beyond those steps, to cover any activities undertaken "in connection with [one's] duties in functioning as a prosecutor," *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The Sixth Circuit has explained that "[t]he analytical key to prosecutorial immunity . . . is a*dvocacy*—whether the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (emphasis in original; citation omitted). If the challenged actions of the prosecutor were not performed in her role as advocate, if they "do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," then only "[q]ualified immunity" applies. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In this instance, the challenged actions by Davis were all "intimately associated with the judicial phase" of the case and accordingly are entitled to absolute immunity.

The claims against attorney Munkeboe are subject to dismissal for failure to state a claim because Munkeboe, even assuming he is a public defender or a court-appointed defense attorney, is not a "state actor" who is subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Likewise, the Davidson County Sheriff's Office is not a "person" subject to liability under § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983).

Finally, the complaint simply fails to allege facts that state a claim under § 1983 against Metro Nashville, Correct Care Solutions, or Sheriff Daron Hall in either his individual or official capacity. A

-5-

municipality like Metro qualifies as a "person" who may be subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Likewise, Correct Care Solutions, as an entity contracted to perform services that are normally the responsibility of the state, may be deemed a state actor subject to liability under § 1983. *West v. Atkins*, 487 U.S. 42, 56 (1988). However, neither a municipality nor a private entity can be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or entity and the alleged constitutional violation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir.1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city [or contracted entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff has not alleged the existence of any such policy or shown how his injuries were incurred because of the execution of such polices. With respect to Sheriff Hall, the plaintiff has not alleged that he was personally involved in any action giving rise to the plaintiff's claims, or that the sheriff knowingly condoned or acquiesced in any such actions. *Cf. Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.").

In sum, the Court finds that the complaint fails to state a claim against any of the defendants named or listed in the complaint for which relief could be granted under 42 U.S.C. § 1983. The complaint is therefore subject to dismissal in its entirety. An appropriate order is filed herewith.

Todd Campbell
United States District Judge